IN THE OREGON TAX COURT
MAGISTRATE DIVISION
Income Tax

| | | |
|---|---|---|
| ALBERTO GONZALEZ PIEDRA, | ) | |
| | ) | |
| Plaintiff, | ) | TC-MD 220475R |
| | ) | |
| v. | ) | |
| | ) | |
| DEPARTMENT OF REVENUE, | ) | |
| State of Oregon, | ) | |
| | ) | |
| Defendant. | ) | **DECISION** |

Plaintiff appealed Defendant's Notice of Assessment, dated October 11, 2022, for the 2018 tax year. A remote trial was held on November 15, 2023. Roger Mercier, Jr. appeared on behalf of Plaintiff. Alberto Gonzalez Piedra (Piedra) testified on his own behalf. Roiland Gonzalez Perez (Perez) also testified on behalf of Plaintiff. Richard Henshaw appeared on behalf of Defendant but did not testify. Exhibits A to F were received into evidence without objection.

Prior to trial the parties submitted a stipulation resolving all adjustments in the October 11, 2022, Notice of Assessment, with the exception of a single issue. The stipulation is reproduced here in its entirety:

"1. Schedule C contract labor expense deduction, totaling $105,234. This number was calculated by adding up the amounts transferred from Plaintiffs bank accounts to his son's account. This amount does not include any of the deposits made into Roiland Gonzalez Perez's Child Carrier Group account, because Plaintiff did not make those deposits and has not provided documentation proving that the amounts deposited into the account were reported on his Schedule C as income.

2. Schedule C insurance expense deduction, totaling $10,524.

3. Schedule C repairs and maintenance expense deduction, totaling $28,853.

4. Schedule C travel expense deduction, totaling $12,850.

5. Schedule C other expense deduction - diesel, totaling $33,604.

6. Schedule C other expense deduction - fuel tax, totaling $615.

7. Schedule C other expense deduction - Oregon road tax, totaling $856.

8. Schedule C other expense deduction - DOT registration, totaling $1,738.

9. Schedule C other expense deduction - business name registration, totaling $100.

10. Schedule C other expense deduction - work clothes, totaling $500.

11. Schedule C other expense deduction - cell phone, totaling $1,200.

On Plaintiffs 2018 Schedule C, he claims a contract labor expense deduction, totaling $155,592.  Based on the information reviewed by Defendant, Plaintiff has proven a contract labor expense deduction, totaling $105,234. The only issue for the court to decide is whether or not Plaintiff has sufficient evidence proving a contract labor expense deduction greater than $105,234."

## I.  STATEMENT OF FACTS

Plaintiff owns a trucking company known as Shango Express (Shango).  His inventory consists of two trucks and two trailers.  Plaintiff uses one truck and the other is used by his son, Perez, whom Plaintiff treats as an independent contractor.  Plaintiff relies on factoring financing for assistance in making large purchases for items such as diesel fuel.[1]

Piedra testified that he received a number of advances from a "factor," deposited directly to Shango's bank account, that represented payments for his son, Perez.  Piedra further testified

---

[1] Factoring is type of financing in which a business sells its accounts receivable (i.e., invoices) to a third party (factor) at a discount.  The factor will often advance payments to the business to assist in cash flow management.

that he transferred the sum of $155,592 to Perez, representing the total gross earnings for Perez for the 2018 tax year. Piedra deducted $155,592 on his 2018 federal return Schedule C as contract labor expenses. Piedra testified he received contemporaneous documentation regarding payments from his factoring company. However, the documents supporting his deductions for contract labor expenses are no longer available because they are too old. Reports from the Internal Revenue Service show that Perez received a 1099N in the amount of $155,592 from Shango and that Perez reported that amount as gross income on his 2018 federal income tax return. (Ptf's Ex C at 3.)

## II. ANALYSIS

With most of the issues in the appeal being resolved by stipulation, the only issue before the court is whether Plaintiff has presented sufficient evidence proving a contract labor expense deduction greater than $105,234.

In analyzing Oregon income tax cases, the court starts with several guiding principles. First, the federal Internal Revenue Code (IRC) applies because the Oregon Revised Statutes define taxable income by reference to the IRC. *See* ORS 316.022(6); 316.048.[2] Second, in cases before the court, the party seeking affirmative relief bears the burden of proof and must establish their case by a "preponderance" of the evidence. ORS 305.427. Third, deductions are a "matter of legislative grace" and the burden of proof—substantiation—is placed on the individual claiming the deduction. *INDOPCO, Inc. v. Comm'r*, 503 US 79, 84, 112 S Ct 1039, 117 L Ed 2d 226 (1992).

///

///

_____

[2] References to the Oregon Revised Statutes (ORS) are to the 2017 version.

Fourth, IRC section 162 generally allows a deduction for "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business[.]"  IRC § 162(a).  However, a taxpayer is required to maintain records sufficient to establish the amount of his or her income and deductions.  *See* IRC § 6001; Treas Reg. § 1.6001–1(a).

Plaintiff concedes that he has no bank or other documentary records to prove the contract labor expense amount was greater than allowed at audit.  Plaintiff has provided evidence that his son Perez received a Form 1099N showing that Plaintiff's business Shango paid Perez more than the amount determined by Defendant and that Perez filed his 2018 federal tax return with that same figure as his gross income.  However, Plaintiff has not presented persuasive evidence that he or his company actually paid Perez any amounts greater than $105,234.  It is possible that Plaintiff's factor paid or advanced funds to Perez, which account for the discrepancy; however, it is implicit in the IRC that taxpayers may not deduct expenses paid by another.

### III.  CONCLUSION

After careful consideration, the court accepts the parties' stipulation, reproduced above, and finds that Plaintiff has failed to meet his burden of proof on the remaining issue.  Plaintiff has failed to maintain sufficient records to establish that the amount of his deductions for contract labor expense was more than Defendant determined in its Notice of Assessment.  Now, therefore,

IT IS THE DECISION OF THIS COURT that the court accepts the parties' stipulation regarding deducted expenses, as reproduced above.

///

///

///

IT IS FURTHER DECIDED that Plaintiff's appeal with respect to deductions for contract labor expense for the 2018 tax year is denied.

Dated this _____ day of December 2023.

_____
RICHARD DAVIS
MAGISTRATE

*If you want to appeal this Decision, file a complaint in the Regular Division of the Oregon Tax Court, by <u>mailing</u> to: 1163 State Street, Salem, OR 97301-2563; or by <u>hand delivery</u> to: Fourth Floor, 1241 State Street, Salem, OR.*

*Your complaint must be submitted within <u>60</u> days after the date of this Decision or this Decision cannot be changed. TCR-MD 19 B.*

*This document was signed by Magistrate Richard Davis and entered on December 29, 2023.*